1  Arthur J. Casey, SBN 123273
   Eran S. Forster, SBN 269711
2  FORD, WALKER, HAGGERTY & BEHAR, LLP
   16450 Los Gatos Boulevard, Suite #110
3  Los Gatos, California 95032
   Tel:    (408) 660-3102
4  Fax:    (408) 660-3105
   Email: acasey@fwhb.com
5          eforster@fwhb.com

6  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | JAYASHREE SINGH, | No. 5:20-cv-08180-NC |
|---|---|---|
| 12 | Plaintiff,<br>vs. | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| 13 | | |
| 14 | COSTCO WHOLESALE CORPORATION, and DOES 1 TO 50, | **DATE: May 31, 2023**<br>**TIME: 1:00 pm** |
| 15 | Defendants. | **JUDGE NATHANAEL COUSINS** |

18     **PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION's

19  MOTION FOR SUMMARY JUDGEMENT is calendared for hearing on **May 31, 2023, at 1:00 pm**, in

20  Courtroom 5 of this Court, hearing via Zoom video conference.

21     Defendant COSTCO WHOLESALE CORPORATION will move for an order granting

22  summary judgement against plaintiff. This order is sought pursuant to Rule 56 of the Federal Rules of

23  Civil Procedure and Local Rule of Civil Procedure 56, et seq.

24     This motion is based upon and supported by the following Memorandum of Points and

25  Authorities, Separate Statement of Material Facts, the Declaration of Eran S. Forster, Declaration of

26  Jorge Molina, Declaration of Jonathan Eric von Delden, and the exhibits attached herein, the pleadings

27  and papers on file, and any oral argument the Court entertains on this motion.

28

# TABLE OF CONTENTS

Table of Authorities………..……………………………………………………………………….. ii

Statement of Issues to be Decided.……………………………………………………………….. 1

Memorandum of Points & Authorities…………………………………………..……………… 2

    I.   INTRODUCTION…………………………………………………………………… 2

    II.  STATEMENT OF FACTS ……………………………………………………….… 4

    III. LEGAL AUTHORITY…………………………………………………………….… 4

        A.  Standard for Summary Judgment………………………………….……………. 4

            1.    Moving Party's ……………………………………………………..… 4

            2.    Opposing Party's Burden……………………………………………….… 5

            3.    Summary Judgment is Mandatory if Plaintiff Cannot Establish
                 An Essential Element of Their Claim …………………………………… 5

        B.  Applicable Premise Liability Principles……………………………………………… 5

        C.  Lack of Notice May be Decided as a Matter of Law If The Inspection
           Was Performed Less Than 30 Minutes Prior to the Fall…………….……….. 6

    IV. ARGUMENT……………………………………………………………………..………. 8

        A.  Undisputed Evidence Shows That Costco Employees Did Not Have
           Actual Notice of Any Slip Hazard Prior to Plaintiff's Fall   ……………..….… 8

        B.  Plaintiff Cannot Establish Constructive Notice of The Hazard
           Prior to Plaintiff's Fall………………………………………………….………….. 9

        C.  Costco's Has Shifted The Burden to Plaintiff to Present Admissible
           Evidence That Costco Employees Had Notice of the Spill Prior to Plaintiff's Fall
           ……………………………………………………..……………………… 10

    V.  CONCLUSION……………………………………………………………………. 11

# TABLE OF AUTHORITIES

**CASES**

*Abromson v. Am. Pac. Corp.,* 114 F.3d 898, 902 (9th Cir.1997)……………………………… 5

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505 (198…………………….. 5

*Calderon v. Target Corp.,* 2013 WL 4401430, at *2 (S.D. Cal. Aug. 15, 2013)..……………. 7

*Cardoza v. Target Corp.,* (C.D. Cal., 2018 WL 3357489, at *3 June 22, 2018)………..……. 7

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)………………………….. 4,5

*Coomes v. Edmonds Sch. Dist. No.* 15, 816 F.3d 1255, 1259 (9th Cir. 2016)…………………. 4,5

*Eidem v. Target Corp.* (C.D. Cal., Aug. 24, 2011 WL 3756144, at 9)………………………… 7,10

*Hall v. Aurora Loan Servs. LLC*, 215 Cal.App.4th 1134, 1139,
    55 Cal.Rptr.3d 7392013)………………………………………………………………. 5

*Howard v. Omni Hotels Mgmt. Corp.*, 203 Cal.App.4th 403, 421,
    136 Cal.Rptr.3d 739 (2012)………………………………………………………….… 6

*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)………..…………………… 5

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 (1990) …………..…… 5

*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200…………………………………………….. 6

*Paz v. California*, 22 Cal.4th 550, 559, 93 Cal.Rptr.2d 703, 994 P.2d 975 (2000)……………. 5

**STATUTES**

*Fed. R. Civ.P.56*(a)……………………..……………………………………...……….... 4

*Fed. R. Civ.P.v*(c), (e)…………………………………………………………………….. 5

## **STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiff can meet their burden of proof to support their causes of action for negligence and premise liability against defendant Costco Wholesale Corporation when defendant Costco did not have actual knowledge or constructive knowledge of any dangerous conditions or hazards before plaintiff slipped on a puddle of liquid caused by a spilled drink?

2. Whether Defendant Costco was negligent as a premise owner for plaintiff's slip-and-fall accident when plaintiff slipped on a puddle of liquid caused by a drink that spilled within 3 minutes after Costco inspected the area?

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This matter involves a slip-and-fall accident that occurred at a Costco retail store on September 4, 2018 in San Jose, California. Plaintiff slipped on liquid from a spilled fountain drink at 12:21 pm. The entire incident was captured on video. It is undisputed that defendant Costco did not have actual or constructive notice that a drink was spilled on the floor immediately prior to plaintiff's unfortunate accident.

Video footage captures Costco employee Debra Grant inspecting the area within feet of the accident at 12:17:14 pm[1] as part of an hourly inspection. She is seen again passing the area ten seconds later at 2:17:24 pm. Costco Membership Manager Jorge Molina subsequently walks over the area two minutes later at 12:19:59 pm. Plaintiff slips-and-falls seventy-nine (79) seconds later. Plaintiff's **slip-and-**fall is approximately **three minutes after the area was inspected** by Debra Grant pursuant to Costco's written policies and procedures.

Within that three-minute time frame, it appears from the video that a customer and her child spilled a soda causing the accident. Like plaintiff, Costco was unaware of the spill until after the accident occurred. While the accident is unfortunate, there are simply no facts indicating that Costco was negligent for causing the accident or for causing plaintiff's injuries.

Plaintiff alleges causes of action under legal theories of negligence and premises liability against defendant Costco. The facts do not support plaintiff's allegations. Costco and its employees were unaware of the spilled drink and did not have constructive notice of the spilled drink. California law is clear, a premise owner cannot be held liable under these theories without actual or constructive knowledge of the spill.  Under California law, defendant Costco did not have constructive notice of the spilled drink as a matter of law because the spill occurred less than thirty minutes after Costco conducted a reasonable inspection via their employee, Debra Grant.

Furthermore, the record is devoid of any facts that plaintiff or defendant Costco was aware that the fountain drink had spilled prior to the incident. Consequently, plaintiff's causes of action against

---

[1] The time-day stamp on the video shows seconds and milliseconds (1000 milliseconds per second).

defendant Costco must be dismissed as a matter of law because defendant Costco did not have actual or constructive notice of the spilled drink prior to plaintiff's fall. For these reasons, defendant Costco respectfully requests that the Court grant its motion for summary judgement.

II.     **STATEMENT OF FACTS**

On September 4, 2018, Plaintiff Jayashree Singh (hereinafter, "Plaintiff" or "Singh") was at Costco Wholesale store number 1267 in San Jose, California. (Ex. A - Pltf's Trnscpt, 22:21-23; Ex. B – Dec. of Jorge Molina, para. 2.). The accident occurred on a cement floor at the end of the food court tables and in front of the tire shop. (Ex. B, para. 3.) Plaintiff was leaving a customer service counter and slipped on a puddle of soda on the floor. (Ex. A, 47:10-12; Ex. C – Photographs.)

The incident was captured on video. (Ex. B, para 4; Ex D – Video of Incident.) The time of the incident was time stamped on the video. (Id.) The timestamp of the incident was approximately 12:21:25 pm. (Ex. A, 67:14-68:11; Ex. B, para. 4; Ex. D).

Costco has employees designated as "floor walkers." (Ex. E – Dec. of Jonathan Eric von Delden, para. 3.) The floor walkers are responsible for inspecting the store for safety concerns. (Id.) The designated floor walker will inspect every aisle for unsafe conditions and potential hazards by inspecting each aisle and walkway of the store. (Id.) If a hazard is observed, the floor walker will report the hazard immediately. (Id.) The floor walker will also carry an inspection sheet that is attached to a clipboard. (Id.) The floor walker is required to indicate on the safety inspection sheet that they completed their inspection of a particular area (identified by zone) of the store and affirmatively indicate whether any hazards were observed during their inspection. (Id.) They will also indicate the begin time and end time of their inspection followed by printing their last name and initials at the bottom of the sheet. (Id.)

Debra Grant performed an inspection of the food and is first seen on video of the food court at 12:16:57 pm. (Ex. E, para. 7; Ex. D) Grant is subsequently seen inspecting the area within feet of where plaintiff subsequently falls at 12:13 pm and 12:17:24 pm. (Ex. E, para. 7; Ex. D) She is in a wheelchair and is holding a clipboard for her safety inspection sheet. (Ex. D; Ex. F.) She does not report seeing any spills or hazards during her inspection (Ex. E, para. 10; Ex. G). She is seen leaving the vicinity at 12:17:36. (Ex. D.)

1  The Front-End Manager Jorge Molina is then seen walking in approximately the exact spot where the incident subsequently occurs. (Ex. E, para. 6, 7, 10; Ex D; Ex. H.) The time was 12:19:59:82 pm, exactly seventy-nine (79) seconds prior to the incident. (Id.) Molina did not observe any spilled sodas on the floor. (Ex. E, para. 6, 7, 10.) He also did not step into any puddles. (Id.) His shoes remained dry and did not become sticky. Molina reported that as part of his training as a Costco employee and manager that he was continuously monitoring for hazards as he was walking. (Id.)

At 12:20:02 pm, a Costco customer wearing a red head covering is observed pushing a shopping cart with a soda unsecured in the basket area of the shopping cart. (Ex. D; Ex. E, para. 13.) As she approaches the end of the food court, a younger person, presumably her child, jerks the shopping cart to her right. (Ex. D.) Between 12:20:25 pm to 12:20:29 pm, the shopping cart is being thrusted over the area of the spilled drink. (Ex. D; Ex. I.) The child is seen immediately stopping the cart and looking at the floor behind him. The woman grabs the cup from the cart and walks back briskly towards the soft drink machines. (Ex. D; Ex. J.) The child is seen walking away from the area, grabbing napkins, and appears to be headed back but changes his mind. (Ex. D.)

Simultaneously, plaintiff is seen walking and slipping on the soda. (Ex. D. Ex. K.)

At 12:20:02, the Costco customer returns to the area with a soft drink in her left hand and straw in her right hand. (Ex. E, para 13; Ex. D, at 12:20:02; Ex. L.) The child appears visibly distraught, repeatedly burying his head into his hands.

III. **LEGAL AUTHORITY**

A. **STANDARD FOR SUMMARY JUDGEMENT**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.56*(a).

1. **Moving Party's Burden**

The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which Plaintiff seeks judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party can meet this burden by showing that there is an absence of evidence to support the nonmoving parties, in this case Plaintiff's, case. *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d

4

1255, 1259 (9th Cir.2016) (quoting *In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 387 (9th Cir. 2010). In other words, Costco can meet its initial burden in this motion by showing through discovery responses or deposition testimony that Plaintiff has no evidence to establish notice of a dangerous condition.

### 2. **Opposing Party's Burden**

If the moving party meets its initial burden, the burden shifts to the opposing party to set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Fed.R.Civ.P.* 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

> "This burden is not a light one. The non-moving party must show more than the mere existence of scintilla of evidence. The non-moving party must do more than just show that there is some "metaphysical" doubt as to the material facts in issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor."

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 (9th Cir.2016) (quoting *In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 387 (9th Cir. 2010).

### 3. **Summary Judgment is Mandatory if Plaintiff Cannot Establish an Essential Element of Their Claim.**

Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Abromson v. Am. Pac. Corp.,* 114 F.3d 898, 902 (9th Cir.1997). In this case if Plaintiff cannot establish that Costco's employees had actual or constructive notice of any slip hazard before Plaintiff's fall, Costco is entitled is entitled to judgment as a matter of law.

### B.    APPLICABLE PREMISE LIABILITY PRINCIPLES

Prior notice of a dangerous condition is an essential element of a premises liability action. To recover for negligence under California law, a Plaintiff must show (1) that Defendant owed Plaintiff a duty of care; (2) that Defendant breached that duty; (3) that the breach was the legal and proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages. *Paz v. California,* 22 Cal.4th 550, 559, 93 Cal.Rptr.2d 703, 994 P.2d 975 (2000). "The same concepts of duty applicable to general negligence claims apply to premises liability claims." *Hall v. Aurora Loan Servs. LLC,* 215 Cal.App.4th 1134, 1139, 155 Cal.Rptr.3d 739 (2013).

In *Howard v. Omni Hotels Mgmt. Corp.,* 203 Cal.App.4th 403, 421, 136 Cal.Rptr.3d 739 (2012), the California Court of Appeal discussed the negligence principles applicable to premises liability actions against commercial property owners:

> "Commercial property owners are not insurers of the safety of their patrons, although they owe the patrons duties "to exercise reasonable care in keeping the premises relatively safe." To exercise a degree of care that is commensurate with the risks involved, the owner must make reasonable inspections of the portions of the premises open to customers. An owner is liable for harm caused by a dangerous condition, of which the owner had actual or constructive knowledge. An injured Plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it, but failed to take reasonable steps to do so. One way to carry that burden is to raise an inference that the hazardous condition existed long enough for the owner to have discovered it, if an owner exercising reasonable care would have learned of it.
>
> "Hotel proprietors have a special relationship with their guests that gives rise to a duty "to protect them against unreasonable risk of physical harm." "'The duty in each case [as with common carriers] is only one to exercise reasonable care under the circumstances. The Defendant is not liable where he neither knows nor should know of the unreasonable risk...."' However, hotel guests can reasonably expect that the hotel owner will be reasonably diligent in inspecting ... for defects, and correcting them upon discovery....
>
> "The fact that an accident occurred does not give rise to a presumption that it was caused by negligence. Instead, the injured Plaintiff must establish sufficient facts or circumstances that support an inference of a breach of duty."

*Id.* at 431–32, 136 Cal.Rptr.3d 739 (internal citations omitted; emphasis added).

In other words, prior knowledge or notice is an essential element in a Premises Liability action. Property owners and operators must have either actual or constructive knowledge of the dangerous condition to establish liability. *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200. Even if the court finds that a dangerous condition existed on Defendant's premises, Costco is still entitled to summary judgment if its employees did not have actual or constructive knowledge of that condition prior to Plaintiff's fall.

**C.   LACK OF NOTICE MAY BE DECIDED AS A MATTER OF LAW IF THE INSPECTION WAS PERFORMED LESS THAN 30 MINUTES PRIOR TO THE FALL**

Prior notice of a condition may be established by either evidence of actual prior knowledge or constructive knowledge if the condition existed for a substantial period of time.

The question of whether a Defendant can be charged with constructive notice can be decided by the court as a matter of law. This is particularly true where there is undisputed evidence that an active inspection was conducted of the relevant area less than thirty minutes before the incident. This

benchmark has been generally adopted by the judges of the Central and Southern Districts and has been approved by the Ninth Circuit.

The U.S. District Courts in the Central and Southern Districts have recognized the 30-minute benchmark. In the *Eidem v. Target Corp.* opinion, the Court explained:

> "While the California courts have not set forth a specific time period that constitutes adequate care, the relevant cases all concern time periods of a half hour or longer between inspection and accident."

*Eidem v. Target Corp.* (C.D. Cak., Aug 24, 2011, No. EDCV-10-0100 VAP).

The 30-minute benchmark was recently reiterated and reinforced in *Cardoza v. Target*.

> "But as a matter of law, constructive notice is not a question for the jury in this action. Here, Ms. Batiste has affirmatively declared under oath that she actively inspected the area of aisle C53 where Plaintiff slipped just 10 minutes prior to the accident and did not see any water or other hazards on the floor at that time, and there is no evidence in the record that could lead any reasonable juror to doubt that. **As a general proposition, California courts apply a 30-minute threshold for submitting questions of actual notice to a jury -i.e., if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate; if not, the question should be resolved by a jury.** See, e.g., Alacan v. Target Corp., No. CV 14-04564-AB (VBKx), 2015 WL 10945603, at *3 (C.D. Cal. June 26, 2015) (granting Target's summary judgment motion where Target employee had inspected area seven minutes before accident, as "nothing less than thirty minutes between the last inspection and the Plaintiff's fall has been held to raise a genuine dispute of material fact or sufficient to uphold a Plaintiff's verdict.") (collecting cases); Eidem v. Target Corp., No. EDCV 10-01000 VAP (DTBx), 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) (granting Target's summary judgment motion where Target employee had inspected area 15 minutes before the accident; "While California courts have not set forth a specific time period that constitutes adequate care, the relevant cases all concern time periods of a half hour or longer between inspection and accident."; Calderon v. Target Corp., No. 12-CV-1781-MMA (PCL), 2013 WL 4401430, at *2 (S.D. Cal. Aug. 15, 2013)  (granting Target's summary judgment motion where Target employee had "walked through the [relevant] area within 30 minutes of the incident, and she did not notice, see, or identify any broken or defective stool")."

*Cardoza v. Target Corp.* (C.D. Cal., June 22, 2018, No. CV172232MWFRAOX) 2018 WL 3357489, at *3.

It should be noted that the Ninth Circuit had reviewed the *Cardoza* opinion to grant summary judgment *de novo* and agreed with the court's reasoning as recently as April 22, 2019, although the Ninth Circuit's brief opinion was not selected for publication. *Cardoza v. Target Corp.*, 765 Fed. Appx. 360 (9th Cir. Cal., Apr. 22, 2019).

In short, while there is still no single universal time standard for conducting inspections, federal authorities in the Central and Southern Districts have consistently interpreted California law to mean

that if an active inspection had occurred less than 30 minutes prior to the incident, there is no triable issue of fact as to notice and the case should not go to a jury.

IV. **ARGUMENT**

    **A. UNDISPUTED EVIDENCE SHOWS THAT COSTCO EMPLOYEES DID NOT HAVE ACTUAL NOTICE OF ANY SLIP HAZARD PRIOR TO PLAINTIFF'S FALL**

Costco employee and designated floor walker Debra Grant can be seen on video passing the area where the spill subsequently occurred on her wheelchair at 12:17:14pm and again at 12:17:24pm. The video captures her holding her clipboard, per Costco's procedure for filling out the daily Floor-Walk and Safety Inspection Sheet verifying that the floor-walker checked for hazards. The video captures Grant leaving the area by 12:17:36pm

Two minutes later, Costco Manager Jorge Molina can be seen walking over the exact area where the incident would subsequently occur. The time-stamp on the video records the time at 12:19:59:82pm. Molina is seen leaving the area by 12:20:14.

It appears from the video that a customer had an unsecured soft drink in her shopping cart and was headed towards the end of the food court. It appears that the cup was spilled when a younger person, presumably her child, suddenly grabs and pulls the cart over the area where plaintiff subsequently slips on a spilled fountain drink. The angle of the spill is consistent with the direction of the shopping car when it was pushed over the area. The child distinctly looks back at the floor afterward as the mother grabs the cup out of the cart.

Neither one of them are seen notifying Costco employees of the spill or warning others. Instead, the mother grabs the cup and walks briskly towards the food and drink area. She exits the camera's view at 12:20:53. Her child appears to look back in the direction where the drink was spilled and subsequently grabs a handful of napkins and approaches the area where the drink was spilled. The child then turns around and walks back towards the food table as plaintiff simultaneously slips and falls at 12:21:15 pm. The mother reappears on video at 12:21:38 holding the fountain-drink in her left hand while holding a new straw in her right hand. She does not appear to be carrying any paper towels or napkins and is not being accompanied by any Costco employees.

Grant and Molina did not have actual notice of the spilled drink because they both left the area prior to the drink being spilled.

Molina declared under oath that while walking the area he was observant of the immediate area around him. He walked directly over where the incident subsequently occurred. When he walked over the area, he did not observe any spilled liquids and his feet did not become sticky or wet. Plaintiff subsequently slips seventy-nine seconds later.

No other Costco employee had actual notice of the spill, either. This was confirmed by Molina. He declared under oath no other employee reported they were aware of the spilled drink or were advised of the spilled drink prior to plaintiff's fall.

Furthermore, Plaintiff herself testified that she is unaware of any Costco employee having knowledge of the spill prior to the accident.

> Q: During the time that you were still at the building after you fell, did you hear any Costco employee say they knew that soda was on the floor before you slipped?
>
> A: I don't remember anything."

In short, there is no evidence of Costco having actual notice of the spilled drink prior to the incident.

**B. UNDISPUTED EVIDENCE SHOWS THAT COSTCO EMPLOYEES DID NOT HAVE CONSTRUCTIVE NOTICE OF ANY SLIP HAZARD PRIOR TO PLAINTIFF'S FALL**

Constructive notice is a concept of inference. A plaintiff can infer that a defendant should have been on notice of a hazardous condition if the dangerous condition existed long enough that a reasonable inspection process would have revealed it. Where a plaintiff has no evidence as to how long a condition existed, he or she can infer that the condition existed for an unreasonable amount of time by showing that defendant did not inspect the premises for a long period of time. In this case, Plaintiff cannot establish either.

Costco designated specific employees as "floor walkers" to conduct their inspections. The floor walkers would inspect the premise for any hazards and immediately report any hazards they observed on their inspection sheet.

Here, no inferences can be drawn or presumptions be made that the spilled drink had been unattended for a long duration of time prior to the incident.

9
DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT                Case No. 5:20-cv-08180-NC

1    Costco employee and floor walker Debra Grant inspects the area four minutes prior to the
2    incident on September 4, 2023, at 12:17:14 pm and 12:17:24 pm. Grant is clearly captured on video
3    within feet of where the incident would subsequently take place four minutes later at 12:21:15pm.
4    Furthermore, Manager Jorge Molina inspected the floor as he walked in the exact area of the
5    incident 79 seconds prior to Plaintiff slipping at 12:19:59 pm. He did not observe any spilled drinks or
6    liquids. From surveillance footage, it appears that a customer spills the drink between 12:20:25:472 to
7    12:20:29:522. It appears that mother and child spilled the drink while hastily turning a shopping cart.
8    The child is then seen going to the tables at the food court without informing anybody. The mother is
9    seen walking off camera but there's no record or indication that she informed anybody.
10   No reasonable jury could find, nor could Plaintiff argue that Costco should have had
11   constructive notice of the spilled drink approximately fifty-five seconds after the spill occurred or
12   seventy-none seconds after the area was inspected by Molina.
13   As this Court pointed out in the *Eidem v. Target* opinion, it is still Plaintiff's burden to show
14   through admissible evidence that the spill or other foreign substance had been on the floor long enough
15   to put Costco on notice of the condition. Plaintiff cannot meet her burden.

**C.  COSTCO HAS SHIFTED THE BURDEN TO PLAINTIFF TO PRESENT ADMISSIBLE EVIDENCE THAT COSTCO EMPLOYEES HAD NOTICE OF THE SPILL PRIOR TO PLAINTIFF'S FALL**

18   Costco has met its burden in this motion, by producing direct evidence, through the video,
19   deposition testimony, and declarations, that Costco did not have prior notice of any dangerous condition
20   on its premises, and specifically, of the spilled liquid that plaintiff slipped on. Costco's evidence is
21   sufficient to shift the burden to Plaintiff to prove by competent and admissible evidence that Costco
22   employees had either actual or constructive notice of the spill prior to Plaintiff's fall. Costco is entitled
23   to judgment as a matter of law in the absence of affirmative evidence showing that Costco employees
24   had actual prior knowledge or failed to conduct an active inspection within 30 minutes of the incident.
25   / / /
26   / / /
27   / / /
28   / / /

## IV. CONCLUSION

For the reasons stated herein, Defendant, Costco Wholesale Corporation, respectfully requests that the Court grant its motion for summary judgment.

Dated: April 21, 2023                         FORD, WALKER, HAGGERTY & BEHAR, LLP


By:   */S/ Arthur J. Casey*
      ARTHUR J. CASEY
      ERAN S. FORSTER
      Attorneys for Defendant
      COSTCO WHOLESALE CORPORATION