1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10   JAYASHREE SINGH,
                                              Case No. 20-cv-08180-NC
11            Plaintiff,

12        v.                                  **ORDER DENYING THE PARTIES'
                                              MOTIONS FOR SUMMARY
13   COSTCO WHOLESALE                         JUDGMENT**
     CORPORATION,
14                                            Re: ECF 62, 64
             Defendant.
15

16        Presently before the Court is Plaintiff Jayashree Singh's partial motion for summary

17   judgment as to liability, and Defendant Costco Wholesale Corporation's ("Costco") cross-

18   motion for summary judgment. Both motions cut to the core of this dispute – whether

19   Costco can be construed as having constructive notice of the hazardous condition that

20   caused Plaintiff's fall. While Plaintiff has raised a genuine issue of fact to this point, she

21   has not conclusively established that Costco possessed constructive knowledge as a matter

22   of law. Therefore, the Court DENIES both motions for summary judgment.

23   **I.     BACKGROUND**

24        On September 4, 2018, Plaintiff visited the Costco retail store located at 6898

25   Raleigh Road, San Jose, CA 95119. ECF 1, Ex. A ("Compl.") at 11. As Plaintiff was

26   walking near the indoor food court, she slipped and fell on liquid that had accumulated on

27   the floor. ECF 64, Ex. A at 43:3. Costco produced surveillance footage that captured

28

*United States District Court*
*Northern District of California*

1    roughly twenty-one minutes of video preceding the accident. *See* ECF 64, Ex. D.[1]  The

2    video shows two Costco employees were present in the area prior to the fall.  Debra Grant,

3    a Costco "floorwalker," appears at 12:16:56 pm.  Ms. Grant moves parallel to a line of

4    tables in the indoor food court.  At the end of the line of tables, Ms. Grant turns around and

5    moves back the along the same path.  She exits the screen at 12:17:37 pm.  Costco's Front-

6    End Manager, Jorge Molina, is subsequently visible at the top of the screen at roughly

7    12:19:56 pm.  Mr. Molina travels diagonally across the screen towards the registers.  He

8    exits the screen at 12:20:14 pm.  Ms. Singh slipped and fell at 12:21:15 pm.

9          Plaintiff filed suit against Costco in California state court, alleging negligence and

10    premises liability.  Compl. at 11-12.  Costco removed the case to this Court.  The parties

11    filed simultaneous motions for summary judgment.  Costco argues in its motion that the

12    undisputed facts establish that it did not have either actual or constructive knowledge of

13    the spilled liquid that caused Plaintiff's fall.  ECF 64 at 8-10.  Plaintiff opposes the motion,

14    claiming not only that there are triable issues of fact pertaining to Costco creating the

15    dangerous condition, but also that it had constructive notice of the hazard.  ECF 116 at 7,

16    15.[2]

17          Likewise, Plaintiff filed a partial motion for summary judgment as to Costco's

18    liability.  ECF 114.  Plaintiff's motion operates as a mirror image of her opposition,

19    alleging there are no issues of fact that Costco created the hazard and was on constructive

20    notice.  *Id.* at 3, 11.  Costco opposed Plaintiff's motion.  ECF 75.  The parties have

21    consented to magistrate jurisdiction under 28 U.S.C. § 636(c).  ECF 6; ECF 8.

22    **II.    LEGAL STANDARD**

23          Summary judgment may be granted only when, drawing all inferences and

24

25    [1] Plaintiff alleges the surveillance footage is hearsay, unauthenticated and lacks
     foundation.  ECF 116 at 4.  However, Plaintiff does not appear to dispute that the
26    following facts can be drawn from the video.
     [2] Plaintiff originally filed her opposition to Costco's motion for summary judgment, as
27    well as her partial motion for summary judgment with administrative motions to consider
     whether another party's material should be sealed.  ECF 62, 69.  The Court denied the
28    motions to seal.  ECF 83.  The Court refers to the unredacted version of Plaintiff's motion
     (ECF 114) and opposition (ECF 116) filed pursuant to the Court's order.

*United States District Court*
*Northern District of California*

1    resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any

2    material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex*

3    *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing

4    substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*,

5    477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is

6    such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Bald

7    assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*,

8    477 F.3d 652, 658 (9th Cir. 2007).

9         The moving party bears the burden of identifying those portions of the pleadings,

10   discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

11   *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving

12   party must go beyond the pleadings, and, by its own affidavits or discovery, set forth

13   specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c);

14   *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v.*

15   *Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however,

16   must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 572 U.S. 651

17   (citing *Liberty Lobby*, 477 U.S. at 255).

18   **III.   DISCUSSION**

19        **A.   Evidentiary Objections**

20        Both parties submitted numerous evidentiary objections in conjunction with their

21   opposition and reply briefings.  "A district court's ruling on a motion for summary

22   judgment may only be based on admissible evidence."  *In re Oracle Corp. Sec. Litig.*, 627

23   F.3d 376, 385 (9th Cir. 2010).  However, at the summary judgment phase, the focus is not

24   the admissibility of the evidence's form, but rather the admissibility of its contents.  *See*

25   *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  Based on this instruction, courts

26   routinely overrule "authentication and hearsay challenges at the summary stage where the

27   evidence could be presented in an admissible form at trial."  *Chinitz v. Intero Real Est.*

28   *Servs.*, No. 18-cv-05623-BLF, 2021 WL 1375837, at *3 (N.D. Cal. Apr. 12, 2021).  A

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    court need only rule on evidentiary objections that are material to its ruling. *See Norse v.*

2    *City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

3         The majority of the parties' objections pertain to evidence that is not germane to the

4    outcome of this ruling.  The Court considers two pieces of disputed evidence.  First,

5    Costco asserts Plaintiff's attorney lacks knowledge to authenticate its "Member

6    Service/Loss Prevention Procedures Manual" ("Member Services Manual").  ECF 75 at 1.

7    Second, Plaintiff argues the surveillance video is hearsay, unauthenticated and lacks

8    foundation.  ECF 85 at 4-5; ECF 116 at 4.  The parties' authentication and foundation

9    objections as to the video and manual are OVERRULED because the evidence could be

10   presented in an admissible form at trial.  Likewise, Plaintiff's hearsay objection is

11   OVERRULED because the surveillance video is not hearsay as there are no oral or written

12   assertions nor has Plaintiff put forth any evidence of nonverbal conduct intended as an

13   assertion.  Fed. R. Evid. 801; *see also Bean v. Costco Wholesale Corp.*, 561 F. Supp. 3d

14   915, 920 (E.D. Cal. 2021).

15        **B.    Merits of the Cross Motions for Summary Judgment**

16        Plaintiff does not meaningfully allege that Costco had actual knowledge of the spill.

17   Instead, the parties' motions primarily concern the issue of constructive notice.  While the

18   Court assesses the merits of each motion separately, the rhetorical and evidentiary

19   similarities compel the Court to consider the motions together.  *See Acosta v. City Nat'l*

20   *Corp.*, 922 F.3d 880, 886 (9th Cir. 2019).

21        **1.    California Premises Liability Law**

22        "Premises liability is a type of negligence.  To establish negligence under California

23   law, Plaintiff must show: (1) a legal duty to use due care; (2) a breach of that duty; and (3)

24   the breach as the proximate or legal cause of the resulting injury.  *Sorensen v. Target*

25   *Corp.*, No. 12-cv-04025-JCS, 2013 WL 6513827, at *4 (N.D. Cal. Dec. 10, 2013).

26        "It is well established in California that although a store owner is not an insurer of

27   the safety of its patrons, the owner does owe them a duty to exercise reasonable care in

28   keeping the premises reasonably safe." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205, 36

4

1    P.3d 11, 14 (2001).  A store owner exercises ordinary care by making reasonable

2    inspections of the portions of the premises open to customers.  *Id.*

3         To establish causation for a premises liability claim, "the owner's actual or

4    constructive knowledge of the dangerous condition is a key to establishing its liability."

5    *Id.*  The plaintiff can show constructive knowledge by introducing circumstantial evidence.

6    *Sorenson*, 2013 WL 6513827, at *4.  Specifically, a plaintiff can present "evidence that an

7    inspection had not been made within a particular period of time prior to an accident,"

8    which "may warrant an inference that the defective condition existed long enough a person

9    exercising reasonable care would have discovered it."  *Eidem v. Target Corp.*, No. 10-cv-

10   01000-VAP, 2011 WL 3756144, at *6 (C.D. Cal. Aug. 24, 2011).  Such an inference can

11   be supported by evidence that a defendant's inspections were not reasonable.  *See e.g.*,

12   *Sorenson*, 2013 WL 6513827, at *4 (denying summary judgment where plaintiff presented

13   evidence that inspections were not reasonably carried out); *Torino v. PetSmart, Inc.*, No.

14   19-cv-1424-DOC (JDE), 2019 WL 8230851, at *4 (C.D. Cal. Dec. 16, 2019) (denying

15   summary judgment because "a jury [could] find that no reasonable inspection happened 10

16   minutes prior the fall").

         **2.    There is a Genuine Issue of Material Fact as to Costco's Constructive
17            Notice**

18        Costco argues that Plaintiff failed to support an inference that Costco had

19   constructive notice of the spilled drink because its employees conducted inspections

20   shortly before the incident.  First, Costco claims its employee, Debra Grant, inspected the

21   area where the fall occurred between 12:17:14 and 12:17:24 pm – four minutes before Ms.

22   Singh's fall.  ECF 64, Ex. D.  Second, Costco further asserts the store's Front-End

23   Manager, Jorge Molina, inspected the floor as he walked over the exact area where Ms.

24   Singh fell 79 seconds before the accident.  *Id.* at 12:19:59.  Mr. Molina testified that he

25   "did not see a spilled drink or any liquid hazards or other dangerous conditions."  ECF 64,

26   Ex. B ("Molina Decl.") ¶ 5.  Because these purported inspections occurred less than thirty

27   minutes before the accident, Costco contends this Court should follow other district courts

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   by granting summary judgment in its favor.  *See Cardoza v. Target Corp.*, No. 17-cv-

2   2232-MWF (RAO), 2018 WL 3357489, at *3 (C.D. Cal. June 22, 2018) (stating that

3   California courts generally grant summary judgment in store owner's favor if undisputed

4   evidence shows an active inspection occurred less than 30 minutes before the accident).

5       Except for a few minor differences, the bases of Plaintiff's opposition and motion

6   are essentially identical.  The crux is that Costco had constructive notice of the spill

7   because its employees failed to conduct reasonable inspections prior to the accident.  *See*

8   ECF 114 at 14; ECF 116 at 18.  Plaintiff points to Costco's Member Services Manual,

9   which requires floorwalkers to "[c]heck all areas for potentially unsafe conditions, which

10  include, floor slip and trip hazards."  ECF 114, Ex. 9 at 1.  Plaintiff also submits the

11  deposition testimony of Costco's person most knowledgeable, Jonathan Eric von Delden.

12  During his deposition, von Delden viewed the surveillance footage capturing Ms. Singh's

13  accident.  ECF 114, Ex. 1 at 125:21-22.  After viewing the footage, von Delden testified he

14  did not see anyone conducting a floor walk safety inspection of the area.  *Id.* at 129:22-

15  130:1.  Likewise, Costco's Front-End Manager, Jorge Molina, reviewed the surveillance

16  footage from 12 minutes and 2 seconds to 12 minutes and 22 seconds – the timespan when

17  Grant purportedly conducted her inspection.  *See* ECF 114, Ex. 4 at 65:9-12.  Molina also

18  testified that he did not see anyone conducting a daily floorwalk at that time.  *Id.* at 65:13.

19      Thus, the question here is if the surveillance video, when viewed in context with the

20  employees' testimonies, raises a genuine dispute as to whether a reasonable inspection

21  occurred.  Costco's recitation of the facts, while plausible, are not undisputed.  For

22  instance, Costco asserts a customer and her child caused the spill between 12:20:25 and

23  12:20:29 pm.  ECF 75 at 9.  However, as Plaintiff points out, the spill location is

24  obstructed by the indoor umbrellas in the video.  ECF 64, Ex. D;  ECF 116, Ex. 1 at 69:16-

25  21.  Beyond this, neither party has produced evidence definitively showing how long the

26  spill was on the floor.  Consequently, Costco's timeline of the events and its claims that the

27  employee inspections occurred just minutes before the spill are not established.

28      Turning to these inspections, Costco's claims that Grant inspected the area are

1    called into question by its own employees, von Delden and Molina, both of whom testified

2    that they did not witness a floorwalk in the video footage.  Moreover, Costco did not

3    submit any direct testimony from Grant concerning her inspection.  Further, Molina did

4    not declare that he was conducting an inspection when he appeared in the video.  Instead,

5    he simply stated he "did not see a spilled drink or any liquid hazards or other dangerous

6    conditions during the time that [he was] walking in the video."  ECF 64, Ex. B ¶ 6.  During

7    his deposition, Molina further noted he did not look down towards the floor during this

8    walk.  ECF 116, Ex. 1 at 61:11-12.

9          Based on the evidence, Costco's reliance on cases expounding the "30-minute

10   threshold" rule is misplaced.  In general,"[w]hether a dangerous condition existed long

11   enough for a reasonable person to have discovered it is a question for the jury and the

12   cases do not impose exact time limitations."  *Ortega*, 26 Cal. 4th at 1207.  However, courts

13   may grant summary judgment "if there is *undisputed* evidence that an active inspection . . .

14   occurred less than 30 minutes before the accident."  *Cardoza*, 2018 WL 3357489, at *3.

15   The *Cardoza* court's analysis turned on the fact that the plaintiff failed to put forth

16   evidence to dispute any of the defendant's evidence, including an affirmative declaration

17   that an employee actively inspected the area.  *Id.* at 3-4.; *see also Eidem*, 2011 WL

18   3756144, at *9 ("Plaintiff has not submitted any affirmative evidence regarding

19   Defendant's constructive notice").  Unlike these cases, Plaintiff has put forth affirmative

20   evidence calling into question the reasonableness of Costco's inspections.

21         Taken together, Plaintiff has raised a genuine dispute of material fact as to whether

22   any Costco employee reasonably inspected the area for hazards.  As such, Costco's motion

23   for summary judgment is DENIED.  However, Plaintiff's efforts to defend against

24   Costco's motion have also doomed its own motion.  By establishing a triable issue of fact

25   exists as to Costco's constructive notice, Plaintiff cannot concurrently argue that no such

26   issue exists.  Simply put, Plaintiff cannot have her cake and eat it too.  For that reason,

27   Plaintiff's partial motion for summary judgment is also DENIED.

28

United States District Court
Northern District of California

**IV.    CONCLUSION**

Based on the foregoing, Costco's motion for summary judgment is DENIED.
Likewise, Plaintiff's partial motion for summary judgment is also DENIED.

**IT IS SO ORDERED.**

Dated:  May 26, 2023                        _____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

8